UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Simon Rottenberg, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> vs.<br><br>Portfolio Recovery Associates, LLC,<br><br>   Defendant. | Docket No. 7:22-cv-10001<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

  Plaintiff Simon Rottenberg ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Portfolio Recovery Associates, LLC ("Defendant"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a foreign Limited Liability Company and is registered to accept service via its registered agent, c/o Corporation Service Company at 80 State Street, Albany, New York 12207.

10. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1).

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.  to whom Defendant sent an initial collection letter;

    c.  attempting to collect a consumer debt;

    d.  which included a reference to the "last payment date or default date" without clarification as to which was actually being referenced in the letter; and

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before November 23, 2022.

14. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**Factual Allegations**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22. At some time prior to December 17, 2020, Plaintiff allegedly incurred an obligation with Citibank N.A. ("Citibank") arising out of transactions incurred primarily for personal, family, or household purposes.

23. The alleged Citibank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

24. Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

25. Upon information and belief, Citibank contracted Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation – November 24, 2021 Collection Letter*

27. On or about November 24, 2021, Defendant sent Plaintiff a collection letter ("Letter") regarding the alleged debt. *See* Letter attached as **Exhibit A**.

28. The Letter states, in part:

    You had an account from CITIBANK N.A. with account number ************0189.

    As of 08/03/2021, you owed:                                         $2,918.92
    Between 08/03/2021 and the date of this letter:
    You were charged this amount in interest:                           $0.00
    You were charged this amount in fees:                               $0.00
    You paid or were credited this amount toward the debt:              $0.00

    Total amount of the debt now:                                        $2,918.92
    Last Payment Date or Default Date:                         12/17/2020

29. Defendant's choice to include a reference to the "Last Payment Date or Default Date" was deceptive and misleading.

30. Specifically, these two dates have very different meanings with very different legal significance.

31. Pursuant to 15 U.S.C. § 1692l(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

32. Accordingly, the CFPB prepared and issued rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

33. 12 CFR § 1006.1 provides:

    (a) *Authority*. This part, known as Regulation F, is issued by the Bureau of Consumer Financial Protection pursuant to section 814(d) and 817 of the Fair Debt Collection Practices Act (FDCPA or Act), 155 U.S.C. 1692/(d), 1692o; title X of the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), 12 U.S.C. 5481 *et seq.*; and paragraph (b)(1) of section 104 of the Electronic Signatures in Global and National Commerce Act (E-SIGN Act), 15 U.S.C. 7004.

    (b) *Purpose.* This part carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. This part also prescribes requirements to ensure that certain features of debt collection are disclosed fully, accurately, and effectively to consumers in a manner that permits consumers to understand the costs, benefits, and risks associated with debt collection in light of the facts and circumstances.

    (c) *Coverage.*

        (1) Except as provided in § 1006.108 and appendix A of this part regarding applications for State exemptions from the FDCPA, this part applies to debt collectors, as defined in § 1006.2(i), other than a person excluded from

coverage by section 1029(a) of the Consumer Financial Protection Act of 2010, title X of the Dodd-Frank Act (12 U.S.C. 5519(a)).

(2) Section 1006.34(c)(2)(iii) and (3)(iv) applies to debt collectors only when they are collecting debt related to a consumer financial product or service as defined in § 1006.2(f).

34. 15 U.S.C. § 1692f and 12 CFR § 1006.22 prohibit a debt collector from using unfair or unconscionable means to collect any debt.

35. 12 CFR § 1006.34(c) further states:

*Validation information*. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information.

(2) *Information about the debt*. Except as provided in paragraph (c)(5) of this section:

…

(vi)   The itemization date.

(vii)   The amount of the debt on the itemization date

(viii)   An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

(ix) The current amount of the debt.

36. Additionally, in defining "itemization date" the CFPB stated said

(3) *Itemization date* means any one of the following five reference dates for which a debt collector can ascertain the amount of the debt:

(i)   The last statement date, which is the date of the last periodic statement or written account statement or invoice provided to the consumer by a creditor;

(ii)   The charge-off date, which is the date the debt was charged off;

(iii)   The last payment date, which is the date the last payment was applied to the debt;

      (iv)    The transaction date, which is the date of the transaction that gives rise to the debt; or

      (v)    The judgment date, which is the date of a final court judgment that determines the amount of the debt owed by the consumer.

*See* 12 CFR § 1006.34(b)(3).

37. The CFPB noted the definition of itemization date was designed to allow the use of dates that debt collectors could identify with relative ease because they reflect routine and recurring events that correspond with notable events in the debt's history. *See* 86 FR 5766 at 5792.

38. When defining last payment date, the CFPB noted that "the last payment date is the date the last payment was applied to the bed. A third-party payment applied to the debt, such as a payment from an auto repossession agent or an insurance company, can be a last payment for purposes of § 1006.34(b)(3)(iii)." *Id.* at 5858.

39. Similarly, as part of preparing and issuing Regulation F, the CFPB noted that even the term default alone can have more than one meaning.[1]

40. Additionally, as the term "default" is not defined in the FDCPA, the same has been recognized to have at least three separate potential meanings:

    a.    In the absence of a definition provided by statute, the terms of a specific contract can determine when a debt is in default;

    b.    The dictionary definition of the term default[2]; and

    c.    Whether the defendant… classified the debt as in "default" at the relevant time.

---

[1] *See 86 FR 5766 at 5793* (discussing whether to follow the "date of default" as defined by the Higher Education Act of 1965 or separately to follow the Federal Trade Commission's recommendation of defining default as when a student loan borrower becomes 90 days past due.)
[2] Black's Law Dictionary (7th ed. 1999) defines default as "[t]he omission or failure to perform a legal or contractual duty; esp., the failure to pay a debt when due."

*See Hoehn v. FCC Fin., LLC*, 126 F. Supp. 3d 472 (D. NJ Aug. 27, 2015).

41. While Defendant included much of the information required by the FDCPA and CFPB pursuant to Regulation F, the inclusion of the phrase "Last Payment Date or Default Date" which was then tied to "12/17/2020" only served to mislead Plaintiff.

42. Specifically, there was no specific requirement for Defendant to provide additional information at all, but it chose to reference a date specific but leave such reference open to speculation as it is unclear whether that date represents a last payment or a date of default.

43. As the definition of both "last payment date" and "date of default" can vary, and regardless of which definition is actually applied, both have very different meanings and consequences for a consumer, the failure to specify which date is being referenced is deceptive and/or misleading.

44. Defendant's omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

45. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

46. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

47. To that end, one important element of consumer protection revolves around keeping the consumer informed.

48. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

49. However, when a debt collector withholds key information about the debt from the consumer, they encourage rash decision-making and consumers are left without any power to face a debt collector in a meaningful way.

50. Accordingly, when a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

51. As a result of Defendant's multiple FDCPA violations, Plaintiff was unable to evaluate his options of how to handle this debt.

52. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

53. Additionally, due to the uncertainty created by Defendant's conduct, Plaintiff failed to exercise rights that he had in response to the subject Letter.

54. Furthermore, such uncertainty also directly resulted in Plaintiff's inaction in response to the letter.

55. The funds Plaintiff could have used to pay all or some of the debt were used for other purposes as a result of such uncertainty.

56. These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

57. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

58. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

59. Congress further empowered the CFPB to promulgate rules for debt collectors to follow in their attempts to collect a debt.

60. As noted above, the CFPB set forth a series of rules under Regulation F, the primary purpose of such rules to ensure that the consumer is completely advised as to the status of the debt and the same were prepared with the least sophisticated consumer in mind.

61. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

62. Defendant's debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

63. Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

64. Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

65. Plaintiff was confused and misled to his detriment by the statements in the Letter and relied on the contents of the Letter to his detriment.

66. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

67. Because of this, Plaintiff expended time and money in determining the proper course of action.

68. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

69. In addition, Plaintiff suffered emotional and physical harm because of Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

70. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's demand for payment of this debt.

71. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

72. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

73. As a result of Defendant's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

74. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

75. Plaintiff was made uncertain and misled to his detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the letter to his detriment.

76. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
**Violations of the 15 U.S.C. § 1692e** *et seq.*

77. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

78. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

79. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

80. Defendant violated § 1692e:

    a. In that the Letter omits a required representation of the character, amount, and/or legal status of the debt in violation of § 1692e(2)(A);

    b. By making a false and misleading representation in violation of § 1692e(10).

81. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated the FDCPA by failing to comply with 15 U.S.C. § 1692e *et seq.*, actual damages, statutory damages, costs, and attorneys' fees.

### SECOND CAUSE OF ACTION
**Violations of 15 U.S.C. § 1692f** *et seq.*

82. Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

83. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

84. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

85. Defendant violated §1692f:

   a. By omitting a material terms from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

   b. By including a misleading and/or deceptive notation referencing a specific date as either the "last payment date" or the "default date" without specifying which actually applied.

86. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF 15 U.S.C. § 1692g *et seq.*

87. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length.

88. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692g.

89. Pursuant to 15 U.S.C. § 1692g(a)(3)-(5), a debt collector must provide certain notices commonly referred to as "g-notice" rights.

90. Pursuant to 15 U.S.C. § 1692g(b), a debt collector that provides the required notices cannot overshadow the notice provided through the use of misleading or inconsistent language.

91. Defendant violated § 1692g(a):

   a. By creating confusion as to the amount of the debt by the inclusion of both an itemization date and a separate reference to either the "last payment date" or "default date";

   b. By overshadowing its advising of Plaintiff's "g-notice" rights in violation of § 1692g(b);

92. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692g of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

93. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 23, 2022

/s/ Christofer Merritt
**Stein Saks, PLLC**
By: Christofer Merritt, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
cmerritt@steinsakslegal.com
*Attorneys for Plaintiff*